UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CIVIL ACTION NO. 11-cr-00031(01)(02) |
| VERSUS | JUDGE STAGG |
| JOHN EMERSON TUMA (01) and CODY MONTGOMERY TUMA (02) | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

**Background**

Before the Court is Defendants' Motion to Allow Depositions and Inspection of Property. Doc. 42. For the reasons that follow, Defendants' motion is denied.

**Motion to Allow Depositions**

Defendants seek an order allowing them to take Rule 15 depositions of several witnesses. Defendants argue that they have been denied access to the witnesses due to the actions of CCS, the complaining corporate witness. Defendants point out that other witnesses (who did agree to be interviewed by defense counsel) indicated that summaries of prior interviews (conducted by CCS attorneys) with them do not accurately reflect the substance of their statements. Defendants also state that a majority of the witnesses who they have contacted have said that they are represented by legal counsel retained by CCS for them, and they have been instructed not to allow themselves to be interviewed.

Defendants' request for depositions is squarely contrary to Rule 15 and the controlling Fifth Circuit cases interpreting the rule. Rule 15(a) states in relevant part that a party "may

move that a prospective witness be deposed *in order to preserve testimony for trial.*" (Emphasis added.) According to the Fifth Circuit, the rule "does not authorize depositions for discovery purposes, as the authorities uniformly recognize." In re U.S., 878 F.2d 153, 156 (5th Cir. 1989).

There is no allegation here that the witnesses whose depositions are sought could not be compelled to attend the trial or are likely to be unavailable. And there is no allegation that the Government has caused the witnesses to refuse to be interviewed by defense counsel. Simply put, there are not extraordinary circumstances that would lead the court to order the witnesses to submit to a deposition. Possible inconsistencies in summaries prepared by CCS are not enough. Accordingly, Defendants are not entitled to Rule 15 depositions.

Defendants' alternative request – for an order informing the witnesses that they may speak to defense counsel – is also denied. There is no suggestion that the Government, or any person acting at the direction of the Government, has interfered with defense counsel's ability to speak with any witnesses. Such an order seems particularly inappropriate here, where Defendants represent that the witnesses are represented by their own counsel.

**Inspection of Premises**

Defendants also seek an order directing CCS to allow Defendants to inspect the premises. Apparently, CCS has agreed to allow defense counsel access to the site, but refuses to allow Defendants to participate personally in the inspection. Defendants argue that any inspection by counsel alone, without Defendants, would be useless.

Rule 16 requires the Government, upon a defendant's request, to permit the defendant to inspect and/or copy documents and other items, including buildings or places, "if the item is within the government's possession, custody, or control," provided the items are material to the defense or other specified qualifications are met. Here, the Government does not have possession, custody, or control over the property and cannot provide access to Defendants. The Defendants also failed to offer any allegation that the *current* configuration of the facility (which was previously owned and operated by Defendants) is relevant to the case. The Government has provided access to all case-related documents and items in its possession, including certain pipe segments obtained by the EPA. The Government has also offered to make available to the defense any other items taken by it from the facility for use in this case. Accordingly, Defendants' request for access to the facility is denied.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 10th day of January, 2012.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE